Carl H. MUENDEL and Renate Muendel, his wife, Plaintiffs,

v.

Carl HAUSER and Carl Enterprises, Inc., a corporation of the State of Delaware, Delaware State Board of Health, and New Castle County, Defendants.

Court of Chancery of Delaware.

New Castle.

May 7, 1969.

William T. Lynam, III, Wilmington, for plaintiffs.

Clement C. Wood, Wilmington, for defendants Carl Hauser and Carl Enterprises, Inc.

Fletcher E. Campbell, Jr., Deputy Atty. Gen., Wilmington, for defendant Delaware State Board of Health.

Harvey B. Rubenstein, Wilmington, for New Castle County.

MARVEL, Vice Chancellor:

According to the complaint herein as amended, plaintiffs are the owners of two lots in a small development in Centerville, New Castle County. Each such lot has a common boundry with a lot owned by the defendant Carl Hauser, who, on November 11, 1967, filed a second application with the Delaware State Board of Health for approval of a proposed sewage disposal system and private water supply system for a house to be built on said lot. At the time, the Board's regulations prohibited the installing of a sewage seepage system within less than 100 feet from a well. Such application was made to the Board in conformity with an amendment to the Zoning Code of New Castle County, (Article 20, § 3)[1].

On May 27, 1968, such application was approved by the Board although the defendant Hauser's plans disclosed that his proposed seepage pit was only 92 feet from his proposed well. However, prior to such Board approval, namely on April 25, 1968, the State Board of Health had adopted a new regulation, effective that date which permitted the placing of a seepage pit 50 feet from a well if three stated conditions were met. Assuming but not conceding jurisdiction in the Board over the matters in issue, plaintiffs question whether such revision, while conceivably valid prospectively, can be made retroactive and applied to Hauser's November 11, 1967 application.

Plaintiffs contend basically, however, that the defendant Hauser sought approval for his sewage and water systems from the wrong governmental agency and that he should have rather sought approval of such planned construction in the first instance from the Water and Air Resources Commission, (7 Del.C. §§ 3911,[2] 6001, and 6303). It is also alleged in the amended complaint that no public hearing has been held concerning Mr. Hauser's application as contemplated by the terms of 7 Del.C. § 6007.

---

1. This provision which appears as § 3 of Article 19 of the original Zoning Code of 1954, reads as follows:

"In any district where individual sewage disposal, through use of a septic tank or other approved method, is to be employed, the applicant shall, before a certificate of occupancy may be issued, obtain approval of the State Board of Health of the type of sewage disposal to be provided and of the adequacy of the lot, in view of existing subsoil conditions, to permit such installation without endangering the health of occupants of adjoining lots.

2. "The Water and Air Resources Commission shall have paramount jurisdiction over water use in this State. In case of any conflict between the provisions of this chapter and the provisions of Part VII, Title 7, Delaware Code relating to water and air resources, the provisions of Part VII, Title 7, Delaware Code, shall prevail * * *" 55 Laws of Delaware, Chap. 442, § 3911, approved July 1, 1966, amending Title 7, Del.C., Chap. 39.

Plaintiffs accordingly conclude that the issuance to Mr. Hauser's corporation, the defendant Carl Enterprises, Inc., of a building permit for the lot in question was improper inasmuch as duly approved sewage and water systems are prerequisites to the issuance of a building permit.

Plaintiffs conclude their amended complaint with averments to the effect that the existence of a seepage pit 92 feet from a well located downhill from such pit violates State law and would create a direct threat of contamination, it being argued that if the Hauser well is contaminated, other nearby wells in the same development will face the threat of contamination and a hazard to the health of all residents living on the five lots which surround the Hauser lot will thereby be created.

Plaintiffs, who were denied a temporary restraining order last September because the Court was not persuaded that the Legislature intended that the Water and Air Resources Commission was to have jurisdiction over water and sewage systems outside of incorporated towns or within a mile of the water supply of such a town, now seek a permanent injunction. They have filed affidavits and taken depositions and have moved for summary judgment, contending that there are no material facts in dispute. The Board of Health now agrees that it was without jurisdiction to approve the Hauser application and asks that the complaint be dismissed as to it. This is the opinion of the Court on said motions.

On July 1, 1966, there was enacted into law in Delaware a comprehensive statute relating to " * * * Water, Underwater Lands and Air Use and Conservation * * *" (55 Laws of Del., Chap. 442), such act, after reciting in its preamble that

" * * * Whereas, the most efficient regulation and development of the use of water, underwater lands and air can best be accomplished by granting the primary authority for such use and

development to a single State agency * * *",

goes on to create an agency to be called the Water and Air Resources Commission to perform such primary function, the members of which being authorized to hold public hearings " * * * with respect to any permit lease, variance or grant for which application is made * * *".

Section 9 of such comprehensive legislation amended Title 16 Del.C. § 1506, which had up to then directed that all plans for the construction of water supply systems and water systems be submitted to the State Board of Health for prior approval, so as to read as follows:

"All plans for the construction or alteration of sewerage or water supply system shall be submitted in duplicate to the Water and Air Resources Commission for its approval before construction shall be started upon same. The Water and Air Resources Commission shall promptly forward one copy of the plans to the State Board of Health for approval. The Water and Air Resources Commission shall not grant its approval of the plans if the State Board of Health disapproves the plans within 30 days, and cites its reason for disapproval." 155 Laws of Delaware, Chap. 442, § 9, approved July 1, 1966.

By further amendment of June 28, 1968, 56 Laws of Delaware, Chap. 372, § 2, the words "sewerage or" were deleted from the second line of the above statute. (16 Del.C. § 1506), and on the same date the exclusive powers of the Water and Air Resources Commission over the approval of plans for the alteration or construction of sewage systems were made explicit by a statute found in 56 Laws of Delaware, Chap. 372, § 1, (7 Del.C. § 6307). It reads as follows:

"All plans for the construction or alteration of sewage systems shall be submitted to the Water and Air Resources Commission for its approval be-

fore construction shall be started upon same. The Water and Air Resources Commission is the only agency of the State of Delaware vested with the authority to require such approval prior to construction notwithstanding any other statute or rule or regulation to the contrary."

Furthermore the title of said act reads in part as follows:

"AN ACT TO WITHDRAW FROM THE STATE BOARD OF HEALTH JURISDICTION OVER THE APPROVAL OF PLANS FOR THE CONSTRUCTION OF NEW SEWAGE SYSTEMS OR ALTERATIONS THERETO AND TO VEST SUCH AUTHORITY SOLELY IN THE WATER AND AIR RESOURCES COMMISSION * * *".

In denying a restraining order in this case, the Court noted that under the provisions formerly found in Title 16 Del.C. Chap. 1, subchap. II, "Health and Safety", the State Board of Health has been historically empowered to " * * * Provide for the sanitary protection of all water supplies which are furnished to and used by the public * * *" (16 Del.C. § 122 (3) (c)). However, it was then pointed out in the Court's ruling that the power of the Board of Health to regulate and prescribe the manner in which cesspools, privy wells and other drainage systems shall be constructed, operated and cleaned was expressly limited to incorporated towns as well as areas within a distance of one mile from the water supply of such a town, 16 Del.C. §§ 1501–1505 Chap. 15, "Health and Safety." And while the following section, namely 1506, pertaining to the approval of all plans for the construction of water supply systems and sewage systems by the Board of Health made no reference to incorporated towns, the Court was of the opinion that the legislative intent behind chapter 15, when read as a whole, was to empower the Board of Health to protect the health of incor-

porated towns and for a distance of one mile from the water supply thereof and that it was not intended to have power over control of water pollution caused by defective water supply systems and sewage systems in other areas throughout the State except as provided for in the special situations enumerated in 16 Del.C. § 122. This conclusion is supported by an examination of the legislative history of 16 Del.C. § 1506 which discloses that the source for chapter 15, "Health and Safety," is 33 Laws of Delaware, Chap. 56, an act which was concerned with protecting the public health of the town of Newark and within one mile from the water supply thereof. Two years later the powers of the Board of Health granted in 33 Laws of Delaware Chap. 56 were extended to " * * * all the incorporated towns * * *", (34 Laws of Delaware, Chap. 66) but no further.

■ I am accordingly satisfied that when title 16 Del.C. § 1506 was amended in July, 1966 to substitute the Water and Air Resources Commission for the Board of Health as the agency with which plans for sewerage and water systems were to be filed in the first instance, the jurisdiction granted the new agency was commensurate with that formerly exercised by the Board of Health. And while the Supreme Court referred to the Water and Air Resources Commission as the "active agency" under 16 Del.C. § 1506 in the 1967 case of Lynch v. Tunnell (Sup.Ct.Del.) 236 A.2d 369, there is no indication that the jurisdictional point here involved was considered. Compare Tunnell v. Frye (Del.Superior Ct.C.A. 182, February 27, 1969).

■ It follows that at the time Mr. Hauser's plans were approved, he applied to the only agency then empowered to act on sewage and water plans for a site not located in an incorporated town or within a mile from the water supply thereof. See Article 19, § 3 of the Zoning Code of New

Castle County, approved September 28, 1954. And the fact that the Board of Health had changed its rules and regulations between Hauser's application and Board approval on May 27, 1968, is in my opinion, immaterial. After all, Mr. Hauser could have merely filed a third application after the regulation changes of April 25, 1968.

On the basis of the above conclusions plaintiffs' motion for summary judgment in the form of permanent injunctive relief must be denied. For purposes of possible review the State Board of Health should remain as a party. Its motion to be dismissed as such will accordingly be denied.

Order on notice.